UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:05-CR-35-1-F
No. 7:12-CV-46-F

EDDIE LEO BROWN, JR.,            )
          Petitioner,            )
                                 )
     v.                          )            O R D E R
                                 )
UNITED STATES OF AMERICA,        )
          Respondent.            )

This matter is before the court on the Government's Withdrawal [DE-63] of its Motion

to Dismiss [DE-60] Eddie Leo Brown, Jr.'s pending Motion to Vacate, Set Aside or Correct his

conviction and sentence [DE-54 and -55], pursuant to 28 U.S.C. § 2255.  Brown asserts one

claim.  He contends that he is not guilty of having been a felon in possession of a firearm under

18 U.S.C. § 922(g), in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (*en banc*).

Brown entered a plea of guilty to that offense on November 13, 2006, waiving his right to appeal

or seek collateral review of his conviction or sentence.  *See* Memorandum of Plea Agreement

[DE-16].

Brown was sentenced on April 24, 2007, to a term of 37 months imprisonment, followed

by a term of three years supervised release.  *See* Judgment [DE-38].  Pursuant to the terms of

his plea agreement, he did not appeal or file a collateral attack on his conviction or sentence,

Rather, he served his term of imprisonment and had begun the term of supervised release when

the Probation Office initiated proceedings to revoke release.  Brown was arrested on February 2,

2012, and ordered detained pending a hearing on the Probation Officer's motion to revoke his

supervision.  *See* Motion [DE-49].   Following a hearing during which the court found that

Brown had violated the terms thereof, his supervised release term was revoked and a term of 13

months imprisonment was imposed on March 2, 2012.  *See* Order [DE-57].

After Brown's arrest on the Probation Officer's motion, but prior to the revocation hearing, Brown though appointed counsel filed a Motion to Vacate, Set Aside or Correct his original conviction and sentence in light of the Fourth Circuit's August 17, 2011, *Simmons* opinion. *See* Motions [DE-54 and -55], deemed filed on February 29, 2012. The Government was directed to file a response to Brown's § 2255 motion, *see* [DE-58], and the Government did so by moving to dismiss Brown's motion. *See* Motion [DE-60].

On August 16, 2012, the Government filed a Motion to Withdraw [DE-63] its Motion to Dismiss, acknowledging that "Brown had not been convicted of a crime punishable by more than one year of imprisonment, as defined in *Simmons* . . . , at the time he possessed the firearms for which he was federally indicted." *Id.* p. 3. In light of the court's review of Brown's prior state record, the record in the instant case, the controlling law and the contents of the Government's motion, it is hereby is ORDERED:

The Government's Motion to Withdraw [DE-63] is ALLOWED;

Brown's Motion to Vacate, Set Aside or Correct [DE-54 and -55] is ALLOWED;

Brown's conviction and sentence hereby are VACATED, *see* Judgment [DE-38], as is the Order/Judgment on revocation of supervised release [DE-57]; and

Brown shall be RELEASED from federal custody in the above-captioned case, subject to any pending detainers.

SO ORDERED.

This, the 16th day of August, 2012.

*James C. Fox*

JAMES C. FOX
Senior United States District Judge